IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

B. GORDON NELSON, KENNEDY B. NELSON,

    Plaintiff(s),

v.

VIGILANT INSURANCE CO., GREAT NORTHERN INSURANCE COMPANY,

    Defendant(s).

07cv1406
**ELECTRONICALLY FILED**

## ORDER OF COURT

Before the Court is the motion of defendants Vigilant Insurance Co. and Great Northern Insurance Company to dismiss plaintiffs' complaint seeking a declaratory judgment and alleging breach of contract and bad faith for defendants' alleged failure to provide insurance coverage. In support, defendants argue that the plaintiffs' claims are time-barred under a two-year suit limitation clause in the insurance policy at issue. After careful consideration of defendants' motion and brief in support, plaintiffs' brief in opposition to the motion to dismiss, and defendants' reply thereto, the Court will deny the motion.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355

U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

The Court recognizes that the defense asserted by defendants is an affirmative defense and is based upon numerous facts (such as when the "loss" occurred) which are disputed. *See*

*Rothstein v. Aetna Ins. Co.*, 268 A.2d 233 (Pa. Super. 1970)(a defense based upon an exception or exclusion in an insurance policy is an affirmative one, and the burden is cast on the insurer to establish it). Further, although defendants argues that the discovery rule is not applicable to the present case, citing *Toledo v. State Farm Fire & Cas. Co.*, 810 F.Supp. 156 (E.D. Pa. 1992), the Court notes that the procedural background of that case is distinguishable from the present case because said ruling was made on summary judgment.

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiffs will be able to state no set of facts in support of their claims for declaratory judgment, breach of contract and bad faith under the insurance policies at issue. Accordingly,

**AND NOW,** this 9th day of November, 2007**, IT IS HEREBY ORDERED** that defendants' motion to dismiss (doc. no. 3) **IS DENIED** without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

    s/ Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:    All ECF registered counsel